IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| FREDERICK BRAGGS, JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:21cv77 |
| SHARON WILSON, ET AL. | § | |

## MEMORANDUM OPINION REGARDING VENUE

Plaintiff Frederick Braggs, Jr., an inmate currently confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Sharon Wilson, the Fort Worth Police Department, and John R. Smith.[1]

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Factual Background

Plaintiff claims he was shot in the chest, arm, and face on January 28, 2011. On October 13, 2011, plaintiff alleges defendant Sharon Wilson, the Tarrant County District Attorney, found him guilty of crimes he did not commit. Additionally, plaintiff claims defendant John R. Smith, his criminal defense attorney, did not properly assist and counsel him. Plaintiff states he has been confined in TDCJ since being convicted in 2011.

---

[1] Plaintiff also sued the State of Texas and the Texas Department of Criminal Justice ("TDCJ") concerning the alleged lack of adequate medical care in the TDCJ. Plaintiff's claims against these defendants were severed from this action on July 1, 2021.

Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Plaintiff's claims arose in Fort Worth, Texas. Fort Worth is located in Tarrant County, Texas which is in the Northern District of Texas. Further, the defendant resides in Fort Worth, Texas where the claims arose.[2]

Pursuant to 28 U.S.C. § 124, Tarrant County is in the Fort Worth Division of the Northern District of Texas. As Tarrant County is located in the Northern District of Texas, venue in the Eastern District of Texas is not proper.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This case should be transferred to the Northern District of Texas, Fort Worth Division. An appropriate order so providing will be entered by the undersigned.

SIGNED this 7th day of July, 2021.

Zack Hawthorn
United States Magistrate Judge

---

[2] To the extent plaintiff's claims may be liberally interpreted as a challenge to his conviction, the United States District Court for the Northern District of Texas is also an appropriate venue to determine the legality of his Tarrant County conviction.